IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RICKY RICARDO NEWBY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:24-cv-54-ECM-CWB |
| MADISON GRANTHAM, et al., | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the Lee County Detention Center in Opelika, Alabama, initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1) and simultaneously filed an application seeking leave to proceed *in forma pauperis* (Doc. 2). By Order entered March 6, 2024, the court granted *in forma pauperis* status and directed Plaintiff to remit the sum of $8.90 as an initial partial filing fee no later than March 26, 2024. (Doc. 6 at pp. 1-2). The Order cautioned Plaintiff that a failure to remit the fee amount would result in a recommendation of dismissal and that he must request an extension of time in the event he might be unable to remit the fee by the deadline. (*Id*. at pp. 2-3).

Despite the court's instructions and admonition, Plaintiff has neither remitted the initial partial filing fee nor sought an extension of time for doing so. The Magistrate Judge finds that Plaintiff's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff failed to take action notwithstanding the court's warning about a potential dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to

1

prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **April 22, 2024**. An objecting party must identify the specific portion(s) of any factual findings or legal conclusions to which the objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a *de novo* determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1; *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 8th day of April 2024.

                                             **CHAD W. BRYAN**
                                             **UNITED STATES MAGISTRATE JUDGE**